# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| STATE OF DELAWARE | ) | | |
| | ) | | |
| | ) | ID# 1508004310 | |
| v. | ) | | |
| | ) | | |
| CHRISTOPHER J. TIGANI, | ) | | |
| | ) | | |
| Defendant | ) | | |

Submitted: October 9, 2019
Decided: January 30, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S REQUEST FOR POST CONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Zachary Rosen, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Christopher J. Tigani, James T. Vaughn Correctional Institution, Smyrna, Delaware, *pro se.*

Salomone, Commissioner

This 30th day of January 2020, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. Defendant entered into a guilty plea on March 2, 2016 and was sentenced to a total of fifteen years of unsuspended Level 5 time on May 27, 2016 for the following crimes: two counts of Robbery First Degree, two counts of Possession of a Firearm During the Commission of a Felony, one count of Robbery Second Degree and two counts of Attempted Robbery Second Degree.[1]

2. On August 12, 2016, Defendant requested a modification of his sentence pursuant to Superior Court Criminal Rule 35(b).[2] In that regard, Defendant requested that the Court specifically sentence him to the Key Program.

3. On June 29, 2017, Defendant's sentencing order was modified to provide for the specific amount of restitution due to his victims. All other aspects of the sentence remained the same.[3]

4. On September 24, 2019, Defendant filed this Motion for Postconviction Relief. In this Motion, Defendant presents three grounds for relief:

---

[1] D.I. 6.

[2] D.I. 7.

[3] D.I. 10.

1

i.    Ground One - Unfulfilled Plea Agreement: Defendant states that his Plea Agreement requires the Department of Corrections to keep him safe and to provide adequate health care and that his needs are not being met.[4]

ii.    Ground Two - Witness Assistance: Defendant states that he was a witness in the murder trials of Steven Floyd which resulted in two convictions.[5]

iii.    Ground Three - Ineffective Assistance of Counsel: Defendant states that neither the judicial system nor criminal procedures were explained to him by counsel. Additionally, Defendant asserts that counsel did not file a Writ of Habeas Corpus on his behalf despite his request.

## LEGAL ANALYSIS OF CLAIMS

5.    Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[6] Prior to reviewing Rule 61 claims on the merits, this Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[7]

---

[4] Defendant's complaint that his health care needs are not being met is more appropriately filed as a Writ of Mandamus. *See Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015); *see also Shah v. Coupe*, 2014 WL 5712617, (Del. Super. Nov. 3, 2014); *see also Pinkston v. DE Dept. of Corr.*, 2013 WL 6439360, (Del. Super. Dec. 4, 2013). Alternatively, Defendant might seek a sentence modification pursuant to Rule 35(b). *See* Del. Super. Ct. Crim. R. 35(b). However, under Rule 35(b), "the court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217." *Id.*

[5] Ground Two is likewise a request for a sentence modification which must be brought pursuant to Rule 35(b). *Id.*

[6] Del. Super. Ct. Crim. R. 61.

[7] *State v. Stanford*, 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State*, 135 A.3d 748, 756 (Del. 2016)).

2

6. Rule 61 imposes a number of procedural bars regarding timeliness,[8] successiveness,[9] procedural default,[10] and former adjudication.[11] A motion is untimely if it is filed more than one year after the conviction is final or defendant asserts a new constitutional right that is retroactively applied more than one year after it is first recognized.[12] A motion is successive if it is a "second or subsequent motion."[13] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[14]

7. Defendant's motion is procedurally barred because it is untimely. Pursuant to Rule 61(i)(1), "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final,

---

[8] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(1)).

[9] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(2)).

[10] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(3)).

[11] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(4)).

[12] Del. Super. Ct. Crim. R. 61(i)(1).

[13] Del. Super. Ct. Crim. R. 61(i)(2).

[14] *Stanford*, WL 2484588, at *2. Rule 61(i)(5) provides that "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Del. Super. Ct. Crim. R. 61(i)(5).

more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[15]

8. Here, Defendant was sentenced on May 27, 2016. Defendant did not file a direct appeal and therefore his judgment of conviction became final on June 26, 2016.[16] Defendant's Motion for Postconviction Defendant was filed on September 24, 2019 -- more than three (3) years after Defendant's judgment became final. In addition to the foregoing, Defendant's Motion fails to assert a retroactively applicable right that is newly recognized by the Supreme Court of Delaware or by the United States Supreme Court. Since the motion was filed outside the applicable time limit, Defendant's claims are time-barred.[17]

9. The procedural bar referenced above will not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[18] Defendant has not raised the issue of lack of jurisdiction and the Motion does not satisfy the necessary

---

[15] Del. Super. Ct. Crim. R. 61(i)(1).

[16] Pursuant to Superior Court Criminal Rule 61(m)(1), a judgment of conviction is final for purposes of Rule 61 within 30 days after the Court imposes sentence if the defendant has not filed a direct appeal.

[17] *See State v. Lum*, 2007 WL 104145, at *3 (Del. Super. Mar. 22, 2007) (holding claims of ineffective assistance of counsel filed more than 16 years after conviction became final were procedurally barred); *State v. Marine*, 2015 WL 3429920 (Del. Super. May 13, 2015) (finding motion filed more than 9 years after sentencing was procedurally barred as untimely).

[18] Superior Court Criminal Rule 61(i)(5).

4

pleading requirements of Rule 61(d)(2). Rule 61(d)(2) only applies to second or subsequent motions under Rule 61 where the movant was convicted after a trial. This is Defendant's first Rule 61 motion and he did not have a trial since he pled guilty. As such, Defendant has failed to meet the pleading requirements of Rule 61(d)(2)(i)-(ii) and has not presented any argument to justify relief from the procedural bars.

10. For the foregoing reasons, Defendant's Motion for Postconviction Relief should be **SUMMARILY DISMISSED**.

**IT IS SO RECOMMENDED.**

The Honorable Janine M. Salomone

5